UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILCY ERNEST MONCEAUX, SR.**  D.O.C. # 593048 | : | **DOCKET NO. 15-cv-2139** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **DARREL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is Motion for Reconsideration [doc. 16] filed by Wilcy Ernest Monceaux, Sr. ("petitioner") in response to our denial [doc. 15] of his Motion to Hold in Abeyance [doc. 14]. For reasons stated below, the Motion for Reconsideration [doc. 16] is **GRANTED** and upon reconsideration, the Motion to Hold in Abeyance [doc. 14] remains **DENIED**.

The petitioner requested that his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 be held in abeyance while he waits for the Louisiana Supreme Court to rule on his claim that conviction of attempted manslaughter and false imprisonment with a dangerous weapon placed him in double jeopardy. Doc. 14, *see* doc. 16, att. 1 (pending state court Motion to Correct an Illegal Sentence). We denied the motion because petitioner failed to show 1) cause for his failure to exhaust that claim in state court before filing here and 2) that the unexhausted claim was not plainly meritless. Doc. 15; *see Rhines v. Weber*, 125 S.Ct. 1528, 1533–35 (2005).

In his Motion for Reconsideration, petitioner states that he was represented by counsel on his application for PCR. Doc. 16; *see* doc. 1, att. 4, p. 42. He thus alleges that his attorney's failure to raise the unexhausted double jeopardy claim, forcing the petitioner to raise it in his own

application, is cause for filing the instant *habeas* petition before the double jeopardy claim was unexhausted. Accordingly, we grant the Motion for Reconsideration in light of the petitioner's new assertion.

Even if we accept the petitioner's attorney's actions as adequate cause, the unexhausted claim still falls into the "plainly meritless" category described in *Rhines*. Federal courts determine double jeopardy claims like the one raised here using the *Blockburger* test, which states that the two offenses must each require proof of an additional element which the other does not. *Blockburger v. United States*, 52 S.Ct. 180, 182 (1932). Based on a comparison of the relevant statutes, LA. REV. STAT. §§ 14:31 & 14:27 (attempted manslaughter) and LA. REV. STAT. § 14:46.1 (false imprisonment with a dangerous weapon), and a review of the petitioner's pleadings and the factual basis for his conviction, he has not shown that the conviction fails the *Blockburger* test. Therefore, upon reconsideration, there is no change to our original ruling and the Motion for Abeyance remains denied.

THUS DONE this 20th day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE