UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


WILCY ERNEST MONCEAUX, SR.      :        DOCKET NO. 15-cv-2139
    D.O.C. # 593048

VERSUS                          :        JUDGE TRIMBLE

DARREL VANNOY                   :        MAGISTRATE JUDGE KAY


REPORT AND RECOMMENDATION


Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Wilcy Ernest Monceaux, Sr. ("petitioner"). Doc. 1. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Dixon Correctional Institute in Jackson, Louisiana. Darrel Vannoy ("respondent"), former warden, has responded. Doc. 23.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons IT IS RECOMMEDED that the application be DENIED and that the petition be DISMISSED WITH PREJUDICE.

I.
BACKGROUND

A. *Conviction*

On September 4, 2009, in the 31st Judicial District, Jefferson Davis Parish, Louisiana, the petitioner was charged with one count of attempted first degree murder. Doc. 23, att. 2, pp. 2–3.

The charge related to the attempted murder of his wife, Lucinda Monceaux ("victim"). Doc. 1, att. 4, pp. 15–16. The charge was subsequently amended to attempted manslaughter and the petitioner pleaded guilty on October 17, 2011. Doc. 23, att. 2, p. 15; doc. 23, att. 6, pp. 13–14. Following a hearing, the petitioner was sentenced to twenty years at hard labor.[1] Doc. 23, att. 9, pp. 15–17; doc. 25, att. 1, pp. 37–46.

### B.  Direct Appeal

The petitioner appealed his sentence to the Third Circuit Court of Appeal. Doc. 25, att. 2, pp. 6–14. He argued that the trial court erred in imposing the maximum twenty year sentence given his substantial mental health problems along with the fact that he was a first time felony offender with no criminal history. *Id.* The Third Circuit affirmed the sentence on November 7, 2012. *Id.* The petitioner sought review from the Louisiana Supreme Court, which denied same on May 17, 2013. Doc. 25, att. 2, p. 29. He did not seek further review in the United States Supreme Court. Doc. 1, p. 2.

### C.  State Collateral Review

The petitioner filed an application for post-conviction relief through counsel with the trial court on May 5, 2014. Doc. 25, att. 1, p. 26. There he argued that he received ineffective assistance from his trial counsel. *Id.* at 27–29. The trial court denied the application. *Id.* The petitioner then sought a writ of review in the Third Circuit, which denied same on September 11, 2014. *Id.* at 59. Lastly, the petitioner sought review in the Louisiana Supreme Court, which denied same on April 17, 2015. Doc. 1, att. 4, pp. 68–79 (application for supervisory/remedial writs); *id.* at 80 (decision). The petitioner alleges that he did not receive word of the Louisiana Supreme Court's decision until

---

[1] Under a separate docket number, the petitioner was also convicted of false imprisonment with a weapon. *See* doc. 1, att. 4, p. 24. He was sentenced to five years' imprisonment for this offense, to run consecutively with the sentence imposed in the instant matter. *Id.*; *see* doc. 25, att. 1, p. 45.

July 15, 2015, and that such word only came informally through offender counsel at Dixon Correctional Institute.[2] Doc. 1, att. 2, p. 2.

The petitioner then filed a *pro se* Motion to Correct an Illegal Sentence on December 4, 2015. Doc. 25, att. 2, pp. 34–37. There he argued that the trial court violated his constitutional rights when it relied on the same evidence to support his convictions of attempted manslaughter and false imprisonment with a weapon. *Id.* The trial court denied the motion. *Id.* at 31–32. The petitioner then sought review in the Third Circuit, which treated the motion as an application for post-conviction relief and denied it as untimely on May 10, 2016. *Id.* at 44 (citing LA. C. CR. P. art. 922).

### D.  *Federal Habeas Petition*

The petitioner filed the instant petition on August 3, 2015. Doc. 1. Here he renews his claim of ineffective assistance of counsel and argues that the trial court erred in accepting a guilty plea "involuntarily made under duress, coercion, and intimidation . . . ."[3] Doc. 1, att. 2, pp. 3–7.

The petitioner next filed a motion in this court, asserting that his request for review from the Louisiana Supreme Court of the Third Circuit's denial of his Motion to Correct an Illegal Sentence was filed on May 16, 2016. Doc. 14. Accordingly, he requested a stay/abeyance of the instant petition while he awaited state court exhaustion of the claim raised in his illegal sentence motion. *Id.* This court denied the motion, finding that the petitioner had failed to show merit to the

---

[2] As proof, the petitioner attaches a log of privileged correspondence from Dixon Correctional Institute. Doc. 1, att. 3. This log shows no communication from the petitioner's counsel for post-conviction relief proceedings, Thomas D'Amico, or from the Louisiana Supreme Court past October 15, 2014. *See id.* There are communications from another attorney, but the last of these is dated April 6, 2015. *Id.* at 1. Accordingly, we accept the petitioner's contention relating to the date he learned of the Louisiana Supreme Court's ruling.

[3] The petitioner also alleges that the trial court erred in allowing him to plead guilty "to offenses that violate the Double Jeopardy Provisions Clause" under his "Reasons for Granting Consideration." Doc. 1, att. 2, p. 3. However, this statement is the only reference to a double jeopardy violation within the instant application. It is insufficient to raise the claim before this court.

unexhausted claim and good cause for his failure to exhaust before filing in federal court. Doc. 15 (citing *Rhines v. Weber*, 125 S.Ct. 1528, 1533–35 (2005)).

The petitioner then filed a Motion for Reconsideration, alleging that his attorney's failure to raise the double jeopardy claim in his original application for post-conviction relief constituted cause for the petitioner's inability to exhaust that claim before his statutory time limit for filing the instant petition. Doc. 16. We granted the Motion to Reconsider and then affirmed our denial of the request for stay/abeyance, based on a finding that the double jeopardy claim was plainly meritless. Doc. 17.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is only tolled, however, while applications for state review are pending and not between resolution of state review and the filing of the federal habeas application. *See Carey v. Saffold*, 122 S.Ct. 2134, 2138 (2002). Accordingly, in order to determine whether a habeas petition

is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B.  Procedural Default and Exhaustion of State Court Remedies

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

#### 1.  Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987).

Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[4] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which

---

[4] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C.   *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a

[contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 850 (2005), quoting *Williams v. Taylor*, 120 S.Ct. 1495, 1519–20 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

### III.
#### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

#### A. Timeliness

Here the petitioner's conviction became final on August 16, 2013, when his time for seeking review in the United States Supreme Court expired. *See* Sup. Ct. R. 13. Between that point and May 5, 2014, when the petitioner filed his application for post-conviction relief, **262 days** accrued against the one-year limit applicable to the instant petition. The limitation period was tolled while the petitioner pursued post-conviction relief until the Louisiana Supreme Court's ruling on April 17, 2015. Thus an additional **108 days** would accrue until this petition was filed on August 3, 2015, making it untimely. However, the petitioner contends, and we accept, that he

had no word of the Louisiana Supreme Court's April 2015 ruling until July 15, 2015. *See* note 2, *supra*.

The Supreme Court holds that a state habeas petitioner is entitled to equitable tolling of § 2244(d)'s limit upon a showing that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[5] *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations omitted). It is the petitioner's burden to establish that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g,* 223 F.3d 797 (5th Cir. 2000).

Substantial delay in receiving notice of a state court decision may qualify as an extraordinary circumstance justifying equitable tolling. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Here it appears that the petitioner's failure to receive timely notice was due to no fault of his own. We also note that he pursued his rights diligently by filing the instant petition less than a month after receiving word of the Louisiana Supreme Court's denial. Accordingly, he is entitled to equitable tolling from April 17 until July 15, 2015, meaning that only **19 days** accrued between the end of this period and filing in this court. The instant petition is therefore timely.

### B.  Exhaustion of State Court Remedies and Procedural Default

The petitioner raises two claims in the instant petition: ineffective assistance of trial counsel and error by the trial court in accepting a constitutionally invalid guilty plea. However, only the ineffective assistance claim was raised in state courts, within the petitioner's application for post-

---

[5] In *Holland* the extraordinary circumstance was the "gross negligence" of the petitioner's attorney in failing to file the application on time despite several reminders. 130 S.Ct. at 2564.

conviction relief.[6] The record contains no indication of the trial court error claim within any of the petitioner's state court proceedings.

Federal district courts must dismiss petitions for habeas corpus that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 102 S.Ct. 1198, 1199 (1982). However, district courts retain the discretion to disregard the exhaustion requirement and consider all claims within the petition on the merits. *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005) (citing 28 U.S.C. § 2254(b)(2)). Here it appears that counsel's failure to pursue post-conviction relief to exhaustion and to raise certain claims in that application are responsible for the lack of exhaustion and the resulting potential of technical procedural default. Accordingly, we exercise our discretion to waive the exhaustion requirement and consider both claims on the merits.

### C.  Substantive Analysis

Having determined which claims are properly before this court, we review them under the standards described above.

### 1.  Trial court acceptance of guilty plea

The petitioner first alleges that the trial court erred in accepting his guilty plea because, he contends, this plea was made involuntarily, under duress, coercion, and intimidation.

To satisfy constitutional standards of due process, a trial court should not accept a guilty plea without an affirmative showing that the plea is intelligent and voluntary. *Boykin v. Alabama*, 89 S.Ct. 1709, 1711–12 (1969). The petitioner claims that his plea was involuntary because his attorney had promised him that he would only be sentenced to ten years' imprisonment. However, as respondent points out, the record reflects that the trial court advised the petitioner of his rights

---

[6] It appears the petitioner might have asserted different grounds for ineffective assistance from the ones raised here. However, the record contains only the trial court's ruling and not the application itself. Therefore we are unable to determine the extent to which the petitioner might be presenting new factual claims.

and the sentencing range. Doc. 23, att. 2, p. 15. The record also contains a form, bearing the petitioner's signature and reflecting his understanding that he faced a maximum penalty of twenty years. Doc. 23, att. 6, pp. 13–14. The petitioner offers nothing beyond his own self-serving assertions to contradict the record and so fails to show a right to habeas relief under this claim.

### 2. *Ineffective assistance of counsel*

The petitioner also alleges that he was denied his right to counsel due to his attorney's performance at sentencing and his alleged promise of a reduced sentence.

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. *Id.* at 2064. This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065). The resulting prejudice must also be so great that it creates a substantial likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). A petitioner must meet both of *Strickland*'s prongs in order to show a basis for federal habeas relief. *Id.*

The petitioner contends that trial counsel misrepresented the potential sentence the petitioner would face on his guilty plea, inducing the petitioner to plead guilty. He also contends

that trial counsel's failure to rebut certain facts presented by the state at the plea hearing prejudiced the petitioner in the eyes of the court and led to the imposition of a longer sentence.

As to the first part of the petitioner's claim, we once again note that the petitioner was apprised of the sentencing range by the trial court before he entered his plea.  Doc. 23, att. 2, p. 15; doc. 23, att. 6, pp. 13–14. Even if he could show that trial counsel assured him of a shorter sentence, he could not prove that this assurance induced his plea. Therefore he cannot satisfy *Strickland*'s second prong with this assertion.

As to the second part of his claim, the petitioner takes issue with trial counsel's failure to refute statements about the victim's past allegations of spousal abuse. He asserts that trial counsel could have rebutted these claims through the testimony of the petitioner and victim's adult children, who were present at the hearing. However, he offers no proof that his children would have testified as such if called. Accordingly, the petitioner does not show deficient performance through this portion of his claim.

The petitioner also objects to the state's use of his suicide attempt against him at sentencing. He points to the following statement from the prosecution, referring to aggravating circumstances under Louisiana sentencing guidelines:

> Number twenty-three . . . states that he did not contemplate that his criminal conduct would cause or threaten serious harm but that – that doesn't apply either, and that is shown by the fact that Mr. Monceaux had everything meticulously laid out. Whenever the law enforcement came into his trailer whenever they found him after he had cut his wrists, they also found the titles to all of the vehicles, the property, where things were financed, family photographs. He obviously contemplated that suicide and knew that what he was doing was wrong . . . .

Doc. 23, att. 12, pp. 18–19. The petitioner contends that he had his financial documents laid out to respond to a questionnaire from his divorce attorney and that trial counsel's failure to raise this

point "severely prejudiced [his] position" and led the court to impose a twenty year sentence rather than the petitioner alleged his trial counsel had guaranteed. Doc. 1, att. 2, p. 5.

Even if we accept the petitioner's self-serving explanation as persuasive, it does not account for the petitioner's suicide attempt in the first place. Instead, it only makes the attempt appear less premeditated. Furthermore, as the respondent points out, the suicide attempt was one of several aggravating factors under Article 894.1 of the Louisiana Code of Criminal Procedure that the prosecution presented at the sentencing. Namely, the prosecutor pointed to the deliberate cruelty of the crime, the vulnerability of the victim, the violence of the crime, permanent injury to the victim, the use of a firearm, and the history of domestic abuse between petitioner and victim. Doc. 23, att. 12, pp. 16–17. In imposing sentence, the court also made note of these factors. Doc. 23, att. 15, p. 2. Accordingly, even if the petitioner could show deficient performance through counsel's failure to offer an alternative explanation for the arrangement of his financial papers, he cannot show that this omission changed the outcome of his sentencing. The petitioner therefore shows no error to the state court's denial of this claim and no right to federal *habeas* relief.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 8th day of February, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE